ELISHA W. CANNON and GEORGE W. CANNON, and HENRY
W. LONG, Assignee of JOHN T. LONG.

*vs.*

SETH HUDSON, and JOSIAH P. MARVELL, Sheriff.

Sussex, March T. 1876.

*Marshaling assets; senior lien on two parcels, and junior
lien on one; common debtor.*

The doctrine of marshaling assets, where one creditor has a lien on two
different parcels of land, and another creditor has a junior lien upon
one of such parcels only, is only applicable when there is the same
common debtor to both creditors, and when no injustice will result
to such common debtor.

BILL FOR AN INJUNCTION AND TO SUBJECT TWO PARCELS
OF LAND TO JUDGMENT LIENS IN A CERTAIN ORDER. — The
facts and questions presented are fully stated in the opinion.

*Caleb S. Layton*, for the complainants.

*Charles M. Cullen*, for the defendants.

THE CHANCELLOR.—The bill of complaint in this cause
presents these facts:

That one Manean Gum on the 10th day of April, 1865,
recovered a judgment in the Superior Court of Sussex County
against Robert Hudson for the sum of $147.27, with interest
thereon from the 13th day of March, 1865; that said Gum
on the 13th day of March, 1866, recovered another judgment
against said Robert Hudson for the sum of $121.50, on which
judgment was indorsed a credit of $100; that two of com-
plainants, Elisha W. Cannon and George W. Cannon, as
assignees of Lemuel Derickson, recovered a judgment in said
Superior Court to the October Term, 1867, against said Robert
Hudson, for $146, with interest from May 24, 1866; on which
judgment sundry credits were indorsed; that at the times of
entering said three judgments the said Robert Hudson was
seised and possessed in fee simple of one tract of land situate

in said county, containing 100 acres, against which said tract the said three judgments were liens; that afterwards, in 1868, the said judgments being then due and unsatisfied, the said Robert Hudson sold and conveyed the said tract of land of 100 acres to his father, Seth Hudson, a defendant in this cause. That Robert Hudson afterwards purchased another tract of land in said county, of John T. Long, said tract containing 50 acres of land; that afterwards, on the 8th day of March, 1869, Henry W. Long, one of the complainants, assignee of John T. Long, recovered a judgment against Robert Hudson, in said superior court, for the sum of $1,300, with interest thereon from February 23, 1869; that on the 7th day of March, 1872, after the death of the said Robert Hudson, but before the term succeeding his death, Elisha W. Cannon and George W. Cannon, two of the complainants, recovered a judgment by confession under warrant of attorney, in said superior court, against said Robert Hudson, for the sum of $132, with interest thereon from the 15th day of May, 1871; that the two last-named judgments are liens against the said last-named tract of 50 acres of land, purchased as aforesaid by said Robert Hudson, but are not liens against the first-named tract of 100 acres, so as aforesaid sold and conveyed by said Robert Hudson to his father, Seth Hudson, the defendant. That a judgment was recovered by Robert Hudson against Seth Hudson on the 2d day of March, 1869, for the sum of $400, with interest thereon from the 24th day of February, 1869. That afterwards the said Henry W. Long, assignee of John T. Long, sued out a writ of *fieri facias* against Robert Hudson under his said judgment, and also a writ of *fieri facias* attachment against Seth Hudson, as garnishee of Robert Hudson; that afterwards the said Robert Hudson died; that said Long received out of the proceeds of the sale of the personal estate of said Robert Hudson the sum of $603.30 on the 21st day of March, 1872; and that, after deducting the sums of $103.67 and $75,— paid by Seth Hudson to said Long,—there is a balance due said Long from said Seth Hudson, of $305.

It is to be presumed, although not so stated in the bill, that: this last sum, if due, was the balance of a judgment recovered. on said attachment by said Long against the said Seth Hudson.. The bill also states that a writ of *venditioni exponas* No. 433. to October Term, 1872, was issued on said judgment of said Henry W. Long against said Robert Hudson; and that said. tract of land of 50 acres was sold by said Josiah P. Marvell,. sheriff of said county, to John L. Mumford, for $800.   The bill also states that no execution has been sued out on either of the said three first-named judgments, and that the said 100 acres of land so sold to the said Seth Hudson by the said Robert Hudson has never been seized in execution on any of said five judgments.   The bill also states that said Manean Gum has assigned his said two judgments to said Elisha W. Cannon and George W. Cannon, two of the complainants.. The twentieth and twenty-first paragraphs of the bill are as follows:

"That if said proceeds of sale of said tract of 50 acres of land be applied to said three older judgments, the said proceeds of sale of said 50 acres of land will pay off said three first judgments, and a part of said judgment No. 327 to October Term, 1868, of said superior court, of said H. W. Long, assignee as aforesaid, and will leave said judgment of said Elisha W. Cannon and George W. Cannon, of $132, No. 189 to October Term, 1871, as wholly due and unpaid, which is not a lien on said tract of 100 acres of land; and that said Elisha W. Cannon and George W. Cannon are in danger of losing their said last-named judgment; although if said three first judgment creditors be compelled to proceed against said tract of 100 acres of land, the same will sell for enough to pay their said three older judgments.   That the whole of the personal estate of said Robert Hudson aforesaid has been sold, and $603.30 thereof applied to judgment of said Henry W. Long, assignee as aforesaid; and no part of said personal estate has been applied towards the said three older judgments. aforesaid, nor to the said younger judgment of said E. W.. and George W. Cannon; and the only hope of said H. W..

Long, assignee as aforesaid, and of said E. W. and G. W. Cannon, is out of the proceeds of sale of said 50 acres of land as aforesaid."

After the above statement of facts, the complainants pray an injunction to restrain the sheriff from paying over the proceeds of sale of said tract of 50 acres of land to said three older judgments, until the two younger judgments aforesaid are paid, and that the balance, if any, of said sale of said tract of 50 acres, be paid to the said three older judgments; and also that the said Seth Hudson be decreed to pay the balance due on said three older judgments after the payment of any balance, if any, out of sales of said tract of 50 acres; and that said complainants, said Elisha W. Cannon and George W. Cannon, assignees, may be allowed to proceed against the said tract of 100 acres of land.

It is unnecessary to refer at large to the answer. The record evidence mentioned in the complainants' bill is therein substantially admitted. It is, however, stated that Robert Hudson purchased the 50-acre tract of land of John T. Long on the day before he, the said Robert, sold the 100-acre tract to his father, Seth Hudson; and that the consideration price for the said 100-acre tract was the sum of $1,200, $800 of which was paid by the father to the son in cash, and the balance of $400 was secured by judgment note, with warrant of attorney for the confession of judgment; and upon which judgment was confessed on the 2d day of March, 1869.

This cause has been heard on the bill, answer, and exhibits. No testimony of witnesses was taken. Although the recital of the provisions of the bill has been tedious and uninteresting, it seemed to be necessary in order to arrive, if possible, at a proper understanding of the complainants' real or anticipated wrongs or grounds of complaint.

The first inquiry necessarily is: Have the complainants presented such a statement of facts to this court as to warrant its equitable interposition? — does their statement of facts come within the range of equitable jurisdiction? The complainants seemed to think so; for in their bill its draughtsman

refers to the doctrine of marshaling of securities as appli-
cable to this case.

If this be the theory upon which the bill was framed,
the doctrine has been wholly misconceived, and is wholly
inapplicable to the circumstances of this case. The general
principle in respect to the marshaling of assets, as it is called,
is that if one party has a lien on or interests in two funds for
a debt, and another party has a lien on or interest in one only
of the funds for another debt, the latter has a right in equity
to compel the former to resort to the other fund, in the first
instance, for satisfaction, if that course is necessary for the
satisfaction of the claims of both parties, whenever it will
not trench upon the rights or operate to the prejudice of the
party entitled to the double fund.

But the courts of equity will thus administer relief to
parties in cases of double funds which are subject to the
same debt, and will, in favor of sureties, marshal the securi-
ties for their benefit; yet this will be so done only in cases
where no injustice is done to the common debtor, for then
other equities may intervene. And the interposition always
supposes that the parties seeking aid are creditors of the same
common debtor; for, if they are not, they are not entitled to
have the funds marshaled in order to have a larger dividend
out of one fund for those who can claim only against that.

These are familiar principles recognized in Story and all
text-writers on the subject.

"I admit" (says *Chancellor* Kent in the case of *Cheesbrough*
v. *Millard*, 1 Johns. Ch. 412), "as a principle of equity, that
if a creditor has a lien on two different parcels of land, and
another creditor has a lien of a younger date on one of those
parcels only, and the prior creditor elects to take his whole
demand out of the land on which the junior creditor has the
lien, the latter will be entitled either to have the prior creditor
thrown upon the other fund, or to have the prior lien assigned
to him, and to receive all the aid it can afford him. This is
a rule founded in natural justice, and I believe it is recognized
in every cultivated system of jurisprudence."

Recognizing the principle thus stated as unquestionably established in the equitable jurisprudence of this State, how, I may ask, is it to be applied to the case now before the court? Where is the common debtor in this case? Who of the parties in this cause does Seth Hudson owe? Who are the complainants? They are the creditors of Robert Hudson, all of them; none of them are creditors of Seth Hudson, only in the sense, in the case of the plaintiff of the first three judgments mentioned having liens upon the land which he purchased of Robert Hudson, and for which Seth Hudson paid the full consideration price in cash and by his judgment note. They are all creditors of Robert Hudson alone. Suppose the plaintiff in the first three judgments had collected, by process of law, the amount of those judgments, by the sale of the land purchased by Seth Hudson from his son Robert, what would have resulted? Seth Hudson would have had an equity in this court against Robert Hudson, and could have enforced that equity against the 50-acre tract purchased by Robert from John T. Long; and securities will be marshaled even in favor of sureties, who are always favored in courts of equity, only in cases where no injustice is done to the common debtor; but Seth Hudson is not the common debtor of the other parties in this suit. Their equity, if they have any, is not superior to his, which would be absolutely necessary in order to afford any relief to them as against him. I therefore decline to grant the first prayer of the bill, restraining the said sheriff from paying over the proceeds of sale of said tract of 50 acres to the said three older judgments, until the two younger judgments are paid. I also decline to make any order in respect to the matters mentioned in the third prayer of the bill, and also with respect to the fourth prayer thereof.

The bill is dismissed, and the costs in the cause ordered to be paid by the complainants within three months, or attachment.